MARY C. POLANSKY-GRAVATT, ESQ., SBN 252093
LAW OFFICES OF MARY C. POLANSKY-GRAVATT
164 Maple St., Suite 5
Auburn, CA  95603
(530) 823-2600
FAX (530) 823-7100

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN L. SAULTER, | COMPLAINT FOR PERSONAL INJURIES AND DAMAGES |
| Plaintiff, | |
| vs. | |
| CITY OF VALLEJO; VALLEJO POLICE DEPARTMENT; ROBERT PURNELL; and DOES 1 through 20, Inclusive, | |
| Defendants. | |

Plaintiff NATHAN L. SAULTER alleges:

1. Jurisdiction: The jurisdiction of this Court over the subject matter of this action is predicated on Title 42 U.S.C. Sections 1983, 1985, and 1988 and the United States Constitution.

2. Plaintiff is, and at all times mentioned herein was, citizen of the State of California.

3. Defendants CITY OF VALLEJO and the VALLEJO POLICE DEPARTMENT are each a public entity in this district. Defendant ROBERT PURNELL was at all times mentioned herein a resident in this District.

4. The identities and capacities of Defendants named as DOES 1 through 20, inclusive, are presently unknown to Plaintiff. Plaintiff will amend his complaint to allege their true names and capacities when ascertained.

5. Each of the Defendants, named and fictitious, was at all times mentioned herein acting

COMPLAINT                                                    1

as the agent, co-venturer, employee, employer, manager, supervisor, director of each co-Defendant, and in doing the acts herein alleged was acting within the full scope and authority of his agency. Each Defendant herein is in some way responsible for the acts and damages alleged.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS

6. Plaintiff re-alleges paragraphs 1 through 5 of this complaint as if fully set forth here.

7. This action of law for money damages arises under Title 42 U.S.C. Sections 1983, 1985 and 1988 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to plaintiffs by said statutes, and by the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

8. The events, acts and omissions herein complained of occurred on the below mentioned time and place without cause or justification and under color of authority. Defendants and each of them, intentionally, knowingly, and without cause or justification caused irreparable injury to plaintiffs.

9. On or about January 20, 2007, Plaintiff NATHAN L. SAULTER was sitting in a vehicle near the intersection of Redwood and Admiral Callaghan in Vallejo, California when ROBERT PURNELL, in the course and scope of his employment with the CITY OF VALLEJO and/or VALLEJO POLICE DEPARTMENT, attempted to detain him, shot MR. SAULTER in the leg and then improperly detained and handcuffed him. MR. SAULTER was thereafter immediately detained in the Solano County Jail until he was acquitted in March of 2009 of any criminal wrongdoing. (Reference Vallejo Police Department report and Solano County Sheriff's Department report number 07-1466.)

## SECOND CAUSE OF ACTION

## GENERAL NEGLIGENCE

10. Plaintiff re-alleges paragraphs 1 through 5 of this complaint as if fully set forth here.

11. Defendants, and each of them, negligently screened, hired, trained, educated, and supervised its personnel and/or agents, and as a result of said negligence said personnel and/or agents

negligently chased and detained MR. SAULTER, negligently made contact with his body and vehicle, then shot him, and then failed to provide subsequent adequate medical care resulting in Plaintiff's personal injuries and damages.

12. Defendants, and each of them, negligently chased and detained MR. SAULTER, negligently made contact with his body and vehicle, then shot him, and then failed to provide subsequent adequate medical care resulting in Plaintiff's personal injuries and damages.

### THIRD CAUSE OF ACTION
### ASSAULT

13. Plaintiff re-alleges paragraphs 1 through 5 of this complaint as if fully set forth here.

14. Defendants, and each of them, attempted to make contact with MR. SAULTER'S body and/or vehicle with the intention of causing him to fear for his life or suffer injury resulting in Plaintiff's personal injuries and damages.

### FOURTH CAUSE OF ACTION
### BATTERY

15. Plaintiff re-alleges paragraphs 1 through 5 of this complaint as if fully set forth here.

16. Defendants, and each of them, made contact with MR. SAULTER'S body and/or vehicle knowing or should have known that such contact would be offensive and without MR. SAULTER'S consent resulting in Plaintiff's personal injuries and damages.

### FIFTH CAUSE OF ACTION
### FALSE IMPRISONMENT

17. Plaintiff re-alleges paragraphs 1 through 5 of this complaint as if fully set forth here.

18. Defendants, and each of them, falsely imprisoned or confined MR. SAULTER's body and vehicle to such an extent that he did not feel free to move or leave resulting in Plaintiff's personal injuries and damages;

### SIXTH CAUSE OF ACTION
### EXCESSIVE FORCE

19. Plaintiff re-alleges paragraphs 1 through 5 of this complaint as if fully set forth here.

20. Defendants, and each of them, used excessive force in effecting the detainment of

1  MR. SAULTER'S body and/or vehicle resulting in Plaintiff's personal injuries and damages.

## SEVENTH CAUSE OF ACTION

## MALICIOUS PROSECUTION

21. Plaintiff re-alleges paragraphs 1 through 5 of this complaint as if fully set forth here.

22. Defendants, and each of them, with reckless disregard and/or malice aforethought did aid and assist and did prosecute criminal actions against MR. SAULTER, including but not limited to assault with a deadly weapon and battery of a police officer, that MR. SAULTER was acquitted of all charges and Defendants and each of them knew or should have known that the charges were false or were unsubstantiated, resulting in Plaintiff's personal injuries and damages.

## EIGHTH CAUSE OF ACTION

## PUNITIVE DAMAGES

23. Plaintiff re-alleges paragraphs 1 through 5 of this complaint as if fully set forth here.

24. Defendant ROBERT PURNELL and DOES 1 through 20,'s conduct above described was carried out with reckless abandon and wanton disregard of MR. SAULTER'S safety and rights, and that such conduct is and was despicable and the proper subject of punitive damages in an amount to be determined for each and every civil and criminal wrong committed by MR. PURNELL and possibly DOE EMPLOYEES, all resulting in Plaintiff's personal injuries and damages.

## NINETH CAUSE OF ACTION

## DEFAMATION

25. Plaintiff re-alleges paragraphs 1 through 5 of this complaint as if fully set forth here.

26. On March 20, 2009, Defendants and each of them, caused Plaintiff to be defamed in their person and reputation by negligently, carelessly, intentionally and wrongfully chasing him, making contact with his body and car, shooting him, and then arresting and incarcerating him. Such disclosures to the public caused Plaintiff to be subject to ridicule, contempt and disgrace, resulting in Plaintiff's personal injuries and damages.

## TENTH CAUSE OF ACTION

## LIBEL

27. Plaintiff re-alleges paragraphs 1 through 5 of this complaint as if fully set forth here.


28. On March 20, 2009, Defendants and each of them, caused Plaintiff to be defamed in their person and reputation by negligently, carelessly, intentionally and wrongfully chasing him, making contact with his body and car, shooting him, and then arresting and incarcerating him. Such disclosures to the public caused Plaintiff to be subject to ridicule, contempt and disgrace, resulting in Plaintiff's personal injuries and damages..

## ELEVENTH CAUSE OF ACTION

### SLANDER

29. Plaintiff re-alleges paragraphs 1 through 5 of this complaint as if fully set forth here.

30. On March 20, 2009, Defendants and each of them, caused Plaintiff to be defamed in their person and reputation by negligently, carelessly, intentionally and wrongfully chasing him, making contact with his body and car, shooting him, and then arresting and incarcerating him. Such disclosures to the public caused Plaintiff to be subject to ridicule, contempt and disgrace, resulting in Plaintiff's personal injuries and damages..

### PRAYER

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1. General damages in the sum of $1,000,000.00;
2. Medical expenses in an amount according to proof
3. Damage to personal property in an amount according to proof;
4. Loss of earnings and earning capacity in an amount according to proof;
5. Punitive damages in the sum of $1,000,000.00;
6. Prejudgment interest;
7. Attorneys fees and costs of suit; and
8. Any other and further relief that the court considers proper.

Dated: November 10, 2009

MARY C. POLANSKY-GRAVATT
Attorney for Plaintifs
NATHAN L. SAULTER